UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 2, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *April J. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-1584-BAH

Dear Counsel:

Plaintiff April J. filed a motion originally seeking payment of $6,148.09 in attorney's fees and $402.00 in expenses pursuant to the Equal Access to Justice Act ("EAJA"). ECF 23, at 1. The Commissioner opposes the request and argues that the Court should "exclude those hours that were not reasonably expended and are not properly billable." ECF 26, at 1. Plaintiff later reduced Plaintiff's request by 2.2 paralegal hours to exclude hours spent preparing the EAJA petition but adds an additional "2.6 hours at $229.05 per hour, for a total of $595.53" to account for "time for preparation of [Plaintiff's] reply." ECF 27, at 5. Plaintiff ultimately demands a total award of $6,523.62 in attorney's fees and expenses in the amount of $402.00. *Id.* I have considered the relevant filings and find that no hearing is necessary. *See* Loc. R. 105. (D. Md. 2021). For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART, and Plaintiff will be awarded $4,779.78 in fees and $402.00 in expenses.

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Crawford*, 935 F.2d at 656 (citing 28 U.S.C. § 2412)).

Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the ultimate duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

*April J. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1584-BAH
September 2, 2022 Letter Opinion on EAJA Fee Request
Page 2

    Here, the parties do not dispute that Plaintiff qualifies for attorney's fees under the EAJA. ECF 26, at 1. The Commissioner also agrees with Plaintiff's proposed hourly rates of $214.29 per hour for attorney work performed in 2021, $229.05 for attorney work performed in 2022, and $100 for paralegal work performed in either year.[1] *Id.* The Commissioner also does not dispute that Plaintiff is entitled to the recovery of a $402 filing fee. *Id.* at 7. The Commissioner contends, however, that Plaintiff overbilled for various tasks and seeks compensation for tasks of a clerical nature that are not compensable as attorney's fees. The Commissioner also notes that the requested fee "exceeds the 'heartland' of recent fee awards in this District for similar cases." *Id.* at 3.

    More specifically, the Commissioner alleges that the case was "routine" and that a significant chunk of the 31.3 hours originally billed—14.6 attorney hours on December 30 and 31, 2021—was spent "reviewing the certified administrative record, taking notes, organizing facts, drafting the procedural section, and drafting facts." *Id.* at 4. The Commissioner avers that Plaintiff improperly employed multiple attorneys to revise a motions draft and thus added at least 0.7 hours of additional time that should not be compensated. *Id.* at 5. The Commissioner contends that "Plaintiff bills for numerous non-compensable and clerical time entries" that added a total of 2.8 improperly billed hours.[2] *Id.* The Commissioner objects to the billing of "routine, boilerplate, and customary notices." *Id.* at 6. The Commissioner also objects to the billing of 2.7 hours for the preparation of the EAJA petition and instead suggests that 0.5 hours is "a closer approximation of the non-clerical work that goes into tailoring an EAJA fee petition for each case." *Id.* (citations omitted). Ultimately, the Commissioner suggests that "a reasonable reduction would omit 5.9 hours of purely clerical work performed by paralegals; 1.1 hours of attorney work as clerical or non-compensable reviews of routine boilerplate notices; and approximately 5 attorney hours of the time spent excessively on detailed recitation of the record and on duplicative and excessive attorney reviews." *Id.* at 26. The Commissioner suggests that the attorney's fees in this matter should be $4,473.24. *Id.*

    Plaintiff responds by noting that fees can be awarded in amounts that exceed the "heartland" of recent EAJA awards. ECF 27, at 1. Plaintiff does not appear to dispute the Commissioner's allegation that the hours billed at the end of 2021 were spent assembling a statement of facts but argues that this statement "is relevant to the issues raised" and thus is properly compensable. *Id.* at 2. Plaintiff claims that Plaintiff reduced the hours that multiple attorneys worked on the case "so [the Commissioner] is only being asked to pay the time it took one attorney to review, split

---

[1] Plaintiff provides an explanation of these proposed rates in Exhibit A to Plaintiff's Motion for Attorney's Fees. *See* ECF 23-2, at 1–4.

[2] The Commissioner alleges that Plaintiff improperly billed the following specific "clerical and non-compensable tasks": "0.6 hours receiving, reviewing and processing the initial files from referral source, 0.4 hours for a conversation with the client before taking the case, 0.6 hours preparing representative documents for the client, . . . 0.3 hours reviewing those returned documents[,] 0.8 hours for 'Combine, OCR and live bookmark federal court transcript,' . . . 0.3 hours for 'Federal Court-Remand Referral back to Referral Source,' and . . . 0.4 hours for both a telephone call and correspondence to the client." ECF 26, at 5 (citing ECF 23-3, at 2–4).

*April J. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1584-BAH
September 2, 2022 Letter Opinion on EAJA Fee Request
Page 3

between [] two attorneys." *Id.* Plaintiff also disputes the allegation that Plaintiff billed for numerous "clerical tasks" and provides a more detailed explanation as to why these challenged acts amounted to more than clerical work. *Id.* at 2–4. Plaintiff contends that time billed for "client communications" before the filing of the case and after remand are properly billed. *Id.* at 3. Plaintiff also contends that time spent reviewing this Court's notices is compensable since it did not charge for review of every such order. *Id.* at 4. Plaintiff agrees, however, to reduce Plaintiff's request for time spent preparing the EAJA petition to 0.5 hours of attorney time. *Id.* at 5.

It is well known that "'[t]asks of a clerical nature are not compensable as attorney's fees.'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total fee under the EAJA); *Chapman v. Astrue*, No. 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all."). Here, Plaintiff's timesheets include numerous tasks that can only be described as clerical, including the purported "review" of numerous routine docket entries that should "take mere seconds, not six minutes . . . ." *See Allyssa L. v. Comm'r, Soc. Sec. Admin.*, No. CV MDLB-20-329, 2022 WL 171546, at *1 (D. Md. Jan. 14, 2022).[3] For example, Plaintiff bills a total of 0.3 hours reviewing line orders memorializing judicial case assignments. *See* ECF 23-3. Similarly, Plaintiff bills in separate six-minute intervals to review a four-word notice of counsel substitution, to read a line order and short paragraph granting a motion for extension of time, and to read a notice reflecting that a transcript has been filed. *Id.* at 3. While the Court understands that Plaintiff's counsel's billing software likely makes it impossible to bill in increments shorter than "0.1 hours," the better practice, if not the only practice permitted by the EAJA, is to omit such routine clerical acts from requested compensation. *See Bishop v. Colvin*, No. CIV. RDB-13-519, 2014 WL 2093950, at *2 (D. Md. May 19, 2014); *see also Sykes v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-16-898, 2017 WL 1956852, at *2 (D. Md. May 10, 2017) ("Given that those entries are either boilerplate documents filed in every Social Security appeal or paperless orders which take, at most, mere seconds to read, billing in six minute increments for nine of those tasks is not reasonable.").[4] As such, the Court will remove 1 hour of requested attorney compensation (0.6 in 2021 and 0.4 in 2022) to account for these clerical tasks.

---

[3] It bears noting that Plaintiff's counsel hails from the same law firm that was rebuked in *Allyssa L.* for seeking reimbursement for the brief review of line orders. *See Allyssa L.*, 2022 WL 171546, at *2. Despite an unambiguous advisement just months ago that this Court "historically discount[s]" bills seeking compensation for "0.1 hours . . . for 'reviewing' relatively routine docket entries," *id.*, Plaintiff's counsel inexplicably seeks to recover those same costs here.

[4] Indeed, Plaintiff admits, and the timesheets submitted reflect, that Plaintiff "did not charge" for the review of other short docket entries. ECF 27, at 4; ECF 23-3, at 2–3 (noting "0" for the review of several docket entries). That Plaintiff declined to seek undeserved compensation in some instances, however, does not permit the recovery of that same undeserved compensation in others.

Case 8:21-cv-01584-BAH   Document 28   Filed 09/02/22   Page 4 of 6

*April J. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1584-BAH
September 2, 2022 Letter Opinion on EAJA Fee Request
Page 4

As for the 24 minutes billed for drafting and filing a complaint and civil cover sheet, compensation apparently not challenged by the Commissioner, this Court has already noted that "Social Security plaintiffs in this district have access to a form complaint, with just four blank spaces requiring insertion of (1) the place plaintiff resides, (2) the plaintiff's name, (3) the type of benefits that were denied, and (4) the date of the final administrative decision." *Sheridan v. Colvin*, No. JKB-15-10, 2015 WL 5897735, at *2 (D. Md. Oct. 5, 2015). "That complaint requires limited factual information, incorporates no legal work, and could be completed by administrative staff in a matter of minutes." *Id.* Here, Plaintiff filed a boilerplate one page complaint and cover sheet that required counsel to add only Plaintiff's name, Plaintiff's county of residence, the date of the Commissioner's final decision on Plaintiff's claim, the last four digits of Plaintiff's social security number, and counsel's address. *See* ECF 1, at 1. The EAJA does not permit billing for this type of "clerical work." *Sheridan*, 2015 WL 5897735, at *2; *see also King v. Colvin*, No. CIV. SAG-08-2382, 2014 WL 4388381, at *3 (D. Md. Sept. 4, 2014) ("The remainder of the 'attorney work' also either contains clerical components, such as logging a scheduling order into a system of electronically filing a motion, or consists largely of preparing and filing boilerplate documents, such as the one-page complaint.").

The Court agrees with the Commissioner that a bill for 14.6 hours of attorney time "reviewing the administrative record, taking notes, organizing facts" and "[d]rafting [the] procedural section" and "facts" section of Plaintiff's Motion for Summary Judgement appears excessive. *See* ECF 26, at 4. Plaintiff's memorandum of law in support of a motion for summary judgment contains five paragraphs summarizing the procedural posture of the case, some of which was copied verbatim from the decision of the Administrative Law Judge. *Compare* ECF 14-1, at 1–3, *with* ECF 11, at 23. The memorandum includes over eleven pages summarizing the medical records and hearing transcript. ECF 14-1, at 5–15. It is well known in this district that a "detailed synopsis of the medical evidence of record . . . provides little assistance to the Court's adjudication." *Baylis v. Colvin*, No. SAG-11-3674, 2014 WL 2738274, at *3 (D. Md. June 13, 2014). This section of Plaintiff's memorandum amounts to a detailed index of Plaintiff's medical conditions, a largely clerical task that courts have declined to find compensable under the EAJA. *See Hooper v. Saul*, No. 3:20-CV-00074-FDW, 2021 WL 2188240, at *2 (W.D.N.C. May 28, 2021). Of course, the inclusion of a lengthy synopsis of medical records is mitigated slightly in this case by the fact that Plaintiff did reference several of these records in making Plaintiff's chief argument in favor of summary judgment. *See* ECF 14-1, 14–17. However, "[a] fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000). The Court has the right to reduce an award of hours if the provided documentation is too vague to allow for a meaningful assessment of the reasonableness of the request. *See League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) ("Litigants take their chances by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent."). It is unclear from the timesheets how much of the 14.6 hours was spent meaningfully reviewing the records as opposed to unhelpfully assembling pages of unnecessary factual detail that ultimately would have provided "little assistance to the Court's adjudication." *Baylis*, 2014 WL 2738274, at *3. The Court agrees that a reduction is warranted

Case 8:21-cv-01584-BAH   Document 28   Filed 09/02/22   Page 5 of 6

*April J. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1584-BAH
September 2, 2022 Letter Opinion on EAJA Fee Request
Page 5

here since the timesheets combine both compensable and non-compensable tasks.

The Commissioner suggests a reduction of five attorney hours to account for time unnecessarily spent compiling medical records for inclusion in Plaintiff's motion for summary judgment. ECF 26, at 7. As submitted, the timesheets reflect a total of 21.4[5] attorney hours spent drafting, reviewing, and revising Plaintiff's dispositive motion. This represents more hours than usual for the preparation of a dispositive motion in a case of this kind. *See, e.g.*, *Dunlap v. Kijakazi*, Civil No. JMC-20-2214 (Nov. 4, 2021) (noting 5 hours to draft dispositive motion); *Gaylord v. Kijakazi*, No. 20-784-JMC (Nov. 4, 2021) (10 hours). Indeed, it falls at the low end of the number of hours ordinarily billed for the *entirety* of work normally required to perfect a Social Security appeal. *See Duane H. v. Comm'r, Soc. Sec. Admin.*, No. CV JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022) ("Overall, the total of 46.5 hours exceeds the range of twenty-to-forty hours sometimes deemed reasonable by courts in Social Security appeals."). The Court agrees that the Commissioner's proposed reduction of five attorney hours in 2021 is appropriate.

The Court also agrees that "the Commissioner should not have to pay for two separate experienced attorneys to review the dispositive motion before filing." *Sheridan*, 2015 WL 5897735, at *2. However, the Court will credit the representation by Plaintiff that billable time was reduced to avoid an unfair double-recovery. ECF 27, at 7. Further, the mere involvement of multiple attorneys on a case does not automatically bar payment for the work they all performed. *Sykes*, 2017 WL 1956852, at *2 ("Although three attorneys worked on Plaintiff's behalf, the hours they expended to review the case record, draft Plaintiff's dispositive motion, and revise Plaintiff's motion, were neither unreasonable nor duplicative."). In this case, the Court will permit payment for 1.5 attorney hours spent reviewing and editing a dispositive brief.

The Court declines to rebuke Plaintiff for the billing of time for the "reviewing and processing [of] the initial files," "[c]ombin[ing], OCR and live bookmark [of] federal court transcript," or for conversations and correspondence between Plaintiff and a paralegal. ECF 26, at 5 (citing ECF 23-3, at 2–4). "Although scanning and bookmarking a transcript is clerical work, . . . courts have found such work compensable as paralegal time." *Sykes*, 2017 WL 1956852, at *2 (collecting cases). The Court similarly finds that billed communication with Plaintiff is reasonable in this case.

With the above-noted reductions of five attorney hours in 2021 ($1,071.45), 0.6 attorney hours in 2021 for clerical work ($128.57), 0.4 attorney hours in 2022 for clerical work ($91.62), 0.4 attorney hours in 2021 for the clerical work of drafting the complaint and civil cover sheet ($85.72) as well as Plaintiff's conceded reduction of 2.2 hours paralegal hours for the preparation of the EAJA petition ($220.00), the Court notes a total final reduction in Plaintiff's requested EAJA award of $1,597.36. The result is an award of $4,550.73. Plaintiff will be awarded an additional

---

[5] The timesheets note 7.9 attorney hours on December 30, 2021, reviewing the record, "taking notes," and "organizing facts," 6.7 attorney hours on December 31 "drafting the procedural section and drafting facts," 5.3 attorney hours on January 3, 2022, "researching issues and drafting argument," and 1.5 attorney hours spent reviewing and revising the draft on January 3. ECF 23-3, at 3.

Case 8:21-cv-01584-BAH   Document 28   Filed 09/02/22   Page 6 of 6

*April J. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1584-BAH
September 2, 2022 Letter Opinion on EAJA Fee Request
Page 6

attorney hour ($229.05) for time spent responding to the Commissioner's opposition. All totaled, the Court will award $4,779.78 in fees and $402 in expenses.

    This Court notes that Plaintiff's counsel's law firm was recently advised that EAJA petitions of the reduced amount awarded still falls "significantly above the heartland of (and is sometimes more than double . . . the amount of) recent EAJA fee awards in cases presenting in a similar procedural posture." *See Duane H.*, 2022 WL 2532425, at *2 (citing *Sheree Yvette T. v. Comm'r, Soc. Sec. Admin.*, No. BAH-20-2374 (awarding $4,538.22 on June 6, 2022); *Yuvetta P. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-368 (awarding $2,136.03 on May 16, 2022); Gregory J. v. Comm'r, Soc. Sec. Admin., No. JMC-21-236 (awarding $2,246.14 on May 18, 2022); *Tracy B. v. Comm'r*, Soc. Sec. Admin., No. BAH-22-183 (awarding $1,500.00 on June 1, 2022); *Margaret C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-859 (awarding $4,700.00 on June 1, 2022); *Taneicia L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2347 (awarding $4,093.70 on June 23, 2022); *Wendy O. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-1614 (awarding $4,526.92 on June 23, 2022); *Ashley F. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-872 (awarding $2,718.68 on June 27, 2022); *Darrell L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-744 (awarding $2,168.16 on June 27, 2022); *Michael T. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2050 (awarding $4,325.65 on June 22, 2022); *Christy Y. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2330 (awarding $4,242.32 on June 23, 2022); *Melissa Ann B. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-929 (awarding $4,460.20 on June 22, 2022)). Nevertheless, Plaintiff's Motion for Attorney Fees will be GRANTED IN PART AND DENIED IN PART and Plaintiff will be awarded $4,779.78 in fees and $402 in expenses. An implementing order follows.

    Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

                                            Sincerely,

                                               /s/

                                          Brendan A. Hurson
                                          United States Magistrate Judge